In re SPIRITED, INC., Debtor.

John WHITMOYER, et. al., Plaintiffs,

v.

SPIRITED, INC., Defendant.

Bankruptcy No. 81–04307 T.
Adv. No. 82–2252.

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 4, 1982.

Gary Schildhorn, Philadelphia, Pa., for debtor/defendant.

Alexander N. Rubin, Jr., Philadelphia, Pa., for plaintiffs.

Jacques Geisenberger, Jr., Lancaster, Pa., for Unsecured Creditors Committee.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.[1]

In this Chapter 11 bankruptcy case, the plaintiffs are certain minority shareholders, debenture holders and unsecured creditors who have opposed the confirmation of the Plan of Reorganization and the Modification of Plan of Reorganization (hereinafter "Modified Plan"), which were filed by the debtor, Spirited, Inc., on February 17, 1982 and September 1, 1982, respectively. Also filed by the debtor on September 1, 1982 was a document captioned: "Application For (1) Determination That Modifications Of Debtor's Plan Do Not Require A New Vote, (2) That the Disclosure Statement Contains Adequate Information, And (3) That Debtor's Plan, As Modified, Be Confirmed" (hereinafter "Application"). A hearing on the Application was scheduled to be held on September 22, 1982. The debtor included in an exhibit to its Application a Proxy Statement containing a Plan and Agreement of Merger, dated August 31, 1982, between the debtor and Wine Country, Inc., both of which are controlled by the same individuals. Also included in the exhibit was a notice of a special meeting of the debtor's shareholders to be held on September 20, 1982 to consider and vote upon the proposed merger.[2]

On September 15, 1982, the plaintiffs filed a Complaint Seeking Injunctive Relief against the debtor. In the Complaint, the plaintiffs requested a temporary restraining order and a preliminary and permanent injunction enjoining the debtor from "proceeding with or continuing in any manner the proceedings on the so-called Amended Plan of Reorganization as well as the Proposed Plan of Merger and the Shareholders Meeting of September 20, 1982." In short, the plaintiffs alleged that it was improper for the debtor to proceed with its Modified Plan because, following extensive evidentiary hearings and argument by the parties on the issue of the confirmation of the original Plan of Reorganization and given the fact that many of the same issues were involved regarding both the original Plan and the Modified Plan, the debtor should be required to await the Court's decision on the issue of the confirmation of the original Plan. With regard to the proposed merger, the plaintiffs alleged, in essence, that the merger was unfair to the minority shareholders and should not be permitted to take place outside of the bankruptcy proceedings.

The debtor filed an Answer to the plaintiffs' Complaint on September 17, 1982.

On September 20, 1982, following a hearing, the Court entered a temporary restraining order in which we granted the relief requested by the plaintiffs and scheduled a hearing on the preliminary injunction for September 28, 1982.

On September 28, 1982, the Court heard plaintiffs' request for a preliminary injunction as well as hearing oral argument on the debtor's Application. We took both matters under advisement, with the temporary restraining order to remain in effect until further order of the Court.

In our accompanying Opinion and Order, dated today, we have ruled on the debtor's Application by denying confirmation of the Modified Plan. Therefore, of course, our temporary restraining order enjoining proceedings on the Modified Plan has been terminated and the plaintiffs' request for a preliminary injunction in this regard has become moot.

In our aforementioned accompanying Opinion and Order, we discuss the case of *Valley National Bank of Arizona v. Trustee*, 609 F.2d 1274 (9th Cir.1979), as it pertains to the relationship of bankruptcy proceed-

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

2. However, the debtor intentionally omitted from its Modified Plan any mention of the proposed merger, which was to take place upon the effective date of the Modified Plan, if confirmed.

ings and corporate mergers. The *Valley* case permits merger proceedings to take place during the pendency of bankruptcy proceedings under certain circumstances. Therefore, with regard to any possible further actions by the debtor on its proposed merger, we shall not enjoin the debtor from so proceeding insofar as its actions are not inconsistent with *Valley, supra.*